**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1102-24

STEVE'S AUTO BODY AND
REPAIR, LLC,

    Plaintiff-Appellant,

v.

TOWNSHIP OF GLOUCESTER,
BARE MOTOR CO., INC., a/k/a
BARE TOWING, IRRGANGS
TOWING, WM PAUL IRRGANG
III, d/b/a PAULS TOWING, BERNIE'S
AUTO REPAIR, a/k/a BERNIE'S
TOWING, ERIN'S TOWING, AUTO
IMAGES TOWING, a/k/a AUTO
IMAGES, RIEHL'S TOWING,
and AMT TOWING AND
RECOVERY, LLC,

    Defendants-Respondents,

and

STEVE'S AUTO REPAIR, INC.
a/k/a STEVE'S TOWING,

    Defendant.

_____

Submitted October 30, 2025 – Decided November 13, 2025

Before Judges Mawla and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-0655-20.

Puff, Sierzega & MacFeeters, LLC, attorneys for appellant (Ronald P. Sierzega and Christopher R. Versak, on the briefs).

Archer & Greiner, PC, attorneys for respondent Township of Gloucester (Vincent P. Sarubbi and Sean T. O'Meara, on the brief).

PER CURIAM

Plaintiff Steve's Autobody and Repair, LLC appeals from a November 8, 2024 order granting summary judgment to defendant Township of Gloucester and dismissing plaintiff's complaint in lieu of prerogative writs. We affirm.

This matter returns to us after we vacated the trial court's entry of summary judgment dismissing plaintiff's complaint and remanded for discovery and further proceedings to determine the validity of defendant's ordinance governing towing licenses and operators. Steve's Auto Body & Repair, LLC v. Twp. of Gloucester, No. A-0620-20 (App. Div. July 14, 2022). Defendant promulgated ordinance Township of Gloucester, N.J. Code § 79-2 "to establish[,] pursuant to N.J.S.A. 40:48-2.49, an orderly system to provide for towing services for removal of damaged motor vehicles in accidents and other

2

abandoned, illegally parked[,] or disabled vehicles within [Gloucester Township]." Id. at 3 (alteration in original).

The ordinance previously required towing operators to have a storage facility within the Township. However, another operator, Riehl's Towing and Maintenance, Inc. (Riehl's), sued claiming the ordinance violated due process by excluding towing operators outside the Township. This resulted in a settlement whereby defendant amended its ordinance to establish the five-mile radius from the township's center point. The ordinance defined the center point pursuant to a map prepared by the Township engineer. Id. at 4-5.

Plaintiff maintained a storage facility approximately five and five-eighths miles from the point identified by defendant as the center point of the Township. Defendant denied plaintiff a towing license because its storage facility was beyond the five-mile radius of the center point.

Plaintiff sued, challenging the revised ordinance. Defendant moved for summary judgment and attached a certification of a Township police lieutenant stating the five-mile radius was established so residents could conveniently retrieve their towed vehicles without traveling a long distance. The Township attorney filed a certification, stating the ordinance was amended pursuant to the settlement with Riehl's to avoid discriminating against operators outside the

A-1102-24

Township.  Plaintiff opposed summary judgment and certified it could respond to most of the calls from the township quicker than the existing licensed towers.

The motion judge granted defendant summary judgment, finding no dispute in material fact.  We held the motion "judge's conclusion was unsupported by evidence of any analysis undertaken by defendant to achieve its stated objective.  The record contain[ed] no credible evidence regarding the basis for deciding on the five-mile radius requirement for storage facilities, other than the location of Riehl's within such a radius."  Id. at 11.  We credited plaintiff's argument it should have discovery regarding adoption of the ordinance and creation of the center point.  Id. at 11-12.  Also, we recognized "that any choice of a specific geographical limitation will exclude some towing operators who might plausibly be admitted[,] . . . include others who might plausibly be excluded," and "[d]efendant's choice should not be disturbed unless it is unreasonable."  Id. At 12.  However, discovery could support "plaintiff's contentions and reveal arbitrary, exclusionary, or discriminatory decision-making."  Ibid.

Following our remand, the parties completed discovery and defendant again moved for summary judgment.  The motion was supported by a certification from the Township's deputy chief of police explaining defendant

4

amended the ordinance to allow towing operators who had storage facilities "within a reasonable distance from the center" point to apply for licenses because:

> (a) It would be more convenient for residents and others who had their vehicles towed to retrieve their vehicles from the storage yard;
>
> (b) It would be more convenient for police to retrieve evidence from stored vehicles;
>
> (c) It would be more convenient for police to execute a search warrant to perform a search of a stored vehicle;
>
> (d) It would be more convenient for police to perform an inventory of vehicle contents in stored vehicles;
>
> (e) It would be more convenient for police to conduct spot inspections of storage yards of approved towers;
>
> (f) It would be more convenient for police to investigate complaints about storage yards of approved towers; and
>
> (g) It would be more convenient for police to conduct inspections of vehicles that were involved in automobile accidents.

Defendant retained an engineering firm to determine the center point of the township. The firm's geographic information system map manager filed a certification, which attached a "'[c]entroid [m]ap' depicting the mathematical geometric center of the Township utilizing the Township's boundaries, . . . a

5

five-mile radius from that point," and the location of plaintiff's facility outside the radius.  We replicate the map here:



At oral argument of the second summary judgment motion, plaintiff's counsel conceded defendant had no discriminatory intent "to protect the businesses within Gloucester Township[, but t]here was a . . . discriminatory intent to include Riehl's."  Counsel also argued the township does not have a center since it is a rectangle.  So, by setting the license qualification based on the center point, defendant engaged in discriminatory and exclusionary actions. The motion judge rejected this argument because no municipality has a perfectly symmetrical outline or center point.

Plaintiff's counsel responded, the geographical limitations should have been calculated from the borders of the Township, not the center point.  Counsel

A-1102-24

contended the ordinance was exclusionary because it reached some parts outside the Township, but not others.

The judge found the limitation used by defendant was reasonable because other municipalities across the State had adopted similar ordinances based on a model ordinance created by the League of Municipalities. The ordinance was enforced in an unbiased manner as facially, it contained "fairly neutral[ and] reasonable criteria[, used by] other municipalities." The settlement with Riehl's was not exclusionary. There was no evidence defendant intended to reward one group while preventing others from operating within the Township.

Defendant argued plaintiff failed to show any dispute in material fact and presented no expert testimony in opposition to its evidence. Moreover, plaintiff was not granted a license that was later terminated or disqualified because its storage yard did not meet the requisite criteria from the start. The judge concurred and granted defendants summary judgment.

I.

On appeal, plaintiff contends the motion judge improperly decided material factual disputes, such as whether the use of a radius was arbitrary and unsuitable to derive the center of a rectangle. Also, simply modeling its ordinance after other ordinances did not legalize the Township's actions.

7

Plaintiff claims the evidence, including the deposition testimony of the Township police captain, maps, and engineering study, proved Township-licensed towers could not respond in a timely manner and excluding plaintiff for geographic reasons was unjust. The Township's ordinance was discriminatory because it violated N.J.S.A. 40:48-2.49(b), which requires towing ordinances to consider availability and response time, and does not authorize use of a radius to determine license eligibility.

Plaintiff argues the ordinance violates local public contracts law because after the Riehl's lawsuit, it was amended in an arbitrary, exclusionary, and discriminatory manner. Amending the ordinance in this fashion deprived plaintiff of due process because a towing ordinance must be non-discriminatory and non-exclusionary under N.J.S.A. 40:48-2.49.

II.

Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). "To decide whether a genuine issue of material fact exists, the trial court must 'draw[] all legitimate inferences from the facts in favor of the non-

A-1102-24

moving party.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (alteration in original) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)). "The court's function is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)).

"Summary judgment should be granted, in particular, 'after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman, 242 N.J. at 472 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). "If there is no genuine issue of material fact, [we] must then 'decide whether the trial court correctly interpreted the law.'" DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007)).

We review the trial court's "grant of a motion for summary judgment de novo, applying the same standard used by the trial court." Samolyk v. Berthe, 251 N.J. 73, 78 (2022). On de novo review, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not

entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (alteration in original) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Ordinances are presumptively valid. Brown v. City of Newark, 113 N.J. 565, 571 (1989). The party challenging an ordinance bears the burden to show it is arbitrary, capricious, or unreasonable. See Hutton Park Gardens v. Town Council of W. Orange, 68 N.J. 543, 564-65 (1975). Courts do not weigh the evidence "for and against the enactment nor review the wisdom of" the ordinance. Id. at 565. Unreasonableness will only be found when the evidence proffered demonstrates there were no sets of facts known to a legislative body to "rationally support a conclusion that the enactment [was] in the public interest." Ibid. A more reasonable ordinance is irrelevant if the ordinance is not arbitrary. N.J. Shore Builders Ass'n v. Twp. of Jackson, 199 N.J. 38, 59 (2009).

N.J.S.A. 40:48-2.49 grants municipalities the authority to regulate towing operators' services for "removal of motor vehicles from private or public property." The statute specifically requires ordinances to "set forth non-discriminatory and non-exclusionary regulations governing operators." N.J.S.A. 40:48-2.49.

Our caselaw demonstrates the sort of conduct that could violate N.J.S.A. 40:48-2.49. In DeFalco Instant Towing, Inc. v. Borough of New Providence, the plaintiff towed for the defendant Borough for many years, but it was located outside the Borough. 380 N.J. Super. 152, 155 (App. Div. 2005). The defendant then amended its ordinance to grant preference to towing operators within the Borough and provide access to towers with the earliest response times. Ibid.

The trial court found the amended ordinance was legal. Id. at 154. We reversed because the plaintiff presented a letter from two towing operators in the borough, requesting the defendant amend the ordinance to protect their businesses, and minutes from the meeting adopting the amendment in which the Borough Council stated it "only wanted to give preference to local vendors." Id. at 154, 156-58. The evidence demonstrated a discriminatory and exclusionary purpose in violation of N.J.S.A. 40:48-2.49. Id. at 158-59.

Here, neither the ordinance nor defendant's enactment of it bear similarity to DeFalco. Preliminarily, we note there is no dispute full and adequate discovery was completed. Our de novo review of the record does not demonstrate the Township violated N.J.S.A. 40:48-2.49, let alone reveal a dispute in material fact. The evidence in the record confirms the ordinance amendment was rational and reasonable.

A-1102-24

Plaintiff offered no scientific basis to reject the calculation of the center point or rebut the engineering firm's calculation. The police captain's testimony did not create a dispute in material fact because it showed the Township denied plaintiff a license because it was beyond the geographical radius, not because of the response time requirement.

Aside from the fact the Township ordinance was based on the model ordinance, the record is devoid of a discriminatory or exclusionary intent. Plaintiff presented no evidence of an overt effort to give preference to in-township businesses or circumstantial evidence of unlawful favoritism.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

12

A-1102-24